UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT JOHN HAMILTON, | No. 2: 23-cv-00347 KJN P |
| Plaintiff, | |
| v. | ORDER |
| DEPARTMENT OF CORRECTIONS, | |
| Defendant. | |

Plaintiff is a former state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. For the reasons stated herein, plaintiff's complaint is dismissed with leave to amend.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[1] 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

---

[1] Plaintiff was a state prisoner when he filed this action.

1

Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

On June 22, 2020, plaintiff, then a California state prisoner proceeding without counsel, filed a complaint in the Los Angeles County Superior Court naming the California Department of Corrections and Rehabilitation ("CDCR") as a defendant. (ECF No. 6 at 1.) On February 10, 2023, defendant CDCR removed plaintiff's action to the United States District Court for the Central District of California. (Id.) On February 22, 2023, the District Court for the Central District of California transferred this action to this court. (Id.)

In the complaint, plaintiff appears to allege that his rights under the Eighth and Fourteenth Amendments were violated when defendant CDCR's Board of Prison Terms ("BPT") revoked his parole in 2003 on a false finding of kidnapping. Plaintiff was reincarcerated for one year at California State Prison-Tehachapi ("Tehachapi"), from which he was released in 2004. Plaintiff seeks money damages.

At the outset, the undersigned finds that plaintiff's claims appear to be properly brought in a civil rights action and are not barred by the favorable termination rule in Heck v. Humphrey, 512 U.S. 477 (1994). Under Heck, if a judgment in favor of a plaintiff on a civil rights action necessarily implies the invalidity of his or her conviction or sentence, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence already has been invalidated. Heck, 512 U.S. at 486-87.

The favorable termination rule of Heck also applies to claims implicating the validity of parole revocation proceedings. Maciel v. Taylor, 2013 WL 12474062, at *7 (C.D. Cal. Jan. 31, 2013 (citing Crow v. Penry, 102 F.3d 1086, 1087 (10th Cir. 1996) (applying Heck to claim alleging invalidity of a parole revocation); Jackson v. Vannoy, 49 F.3d 175, 177 (5th Cir. 1995) (holding that a § 1983 civil rights claim alleging that illegal arrest of plaintiff resulted in revocation of parole and probation was barred by Heck); see also Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir. 1997) (applying Heck to claim regarding denial of parole); Jones v. Mata, 2011 WL 6148729, at *1 (N.D. Cal. Dec. 9, 2011) ("Heck also bars a challenge to the validity of the confinement resulting from a parole revocation hearing ... until the parole board's decision has been reversed, expunged, set aside or called into question.")).

In the transfer order, the Central District stated that plaintiff previously challenged the at-issue 2003 revocation of his parole in a habeas action filed in the Central District, i.e., Albert Hamilton v. Department of Corrections, C.D. Cal. Case No. 17-1387 ODW (SS). (ECF No. 6 at 2 n.3.) The Central District dismissed plaintiff's habeas petition for lack of subject matter jurisdiction because: 1) petitioner was not "in custody" pursuant to the 2003 revocation of parole when he filed his petition in 2017; and 2) petitioner's challenges to inmate classification decisions did not challenge the legality or duration of his custody. (Id.) In the alternative, the court

1  dismissed the petition as grossly untimely.  (Id.)

2  Because habeas relief regarding plaintiff's 2003 parole revocation hearing is no longer available, plaintiff's claims fall within the narrow exception to the favorable termination rule of Heck set forth in Nonnette v. Small, 316 F.3d 872 (9th Cir. 2002).  In Nonnette, a formerly incarcerated prisoner filed a § 1983 action for damages alleging due process violations associated with the revocation of good-time credits.  The district court dismissed the claims on the ground that, having not successfully challenged the revocation in a petition for habeas corpus, Nonnette was barred by Heck's favorable termination rule from bringing a § 1983 claim for damages.  The Ninth Circuit, however, reversed and held that, because Nonnette lacked a remedy in habeas, he was entitled to proceed with his civil rights claims.  The Ninth Circuit noted the limited reach of its holding:  "We also emphasize that our holding affects only former prisoners challenging loss of good-time credits, revocation of parole or similar matters; the status of prisoners challenging their underlying convictions or sentences does not change upon release, because they continue to be able to petition for a writ of habeas corpus."  Nonnette, 316 F.3d at 878 n.7.

While plaintiff was incarcerated when he filed this action, it is clear that he lacks a remedy in habeas regarding the alleged violations occurring at his 2003 parole revocation hearing.  Accordingly, plaintiff's claims are not barred by Heck.

For the reasons stated herein, plaintiff's claims alleging violations of the Eighth and Fourteenth Amendments against defendant CDCR are barred by the Eleventh Amendment.

Claims for damages pursuant to Section 1983 against the state, its agencies, or its officers for actions performed in their official capacities are barred under the Eleventh Amendment, unless the state waives its immunity.  Kentucky v. Graham, 473 U.S. 159, 169 (1985) (Eleventh Amendment bars a damages action against a State in federal court); see also Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).  Indeed, the Eleventh Amendment prohibits federal courts from hearing a Section 1983 lawsuit in which damages or injunctive relief is sought against a state, its agencies (such as CDCR) or individual prisons, absent "a waiver by the state or a valid congressional override...."  Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999).  Accordingly, plaintiff's claims against defendant CDCR for alleged violations of the Eighth and

Fourteenth Amendments are barred by the Eleventh Amendment.

Plaintiff may also be naming as a defendant BPT Officer J. Bock, who allegedly conducted the 2003 parole revocation hearing. Plaintiff may be claiming that J. Bock revoked plaintiff's parole based on a false finding that plaintiff had been charged with kidnapping. Parole board members are entitled to absolute immunity when they perform "quasi-judicial" functions. Swift v. California, 384 F.3d 1184, 1189 (9th Cir. 2004). "Thus, parole board officials of the BPT are entitled to absolute quasi-judicial immunity for decisions to 'grant, deny or revoke parole' because these tasks are 'functionally comparable' to tasks performed by judges." Id. (citations omitted). Thus, it appears that J. Bock would be entitled to absolute quasi-judicial immunity were plaintiff to claim that J. Bock violated plaintiff's constitutional rights by revoking plaintiff's parole based on a false finding that plaintiff had been charged with kidnapping.

Plaintiff also appears to raise state law claims. However, the undersigned does not address plaintiff's state law claims at this time because plaintiff has not state potentially colorable claims for violations of his federal constitutional rights. In an abundance of caution, plaintiff's complaint is dismissed with leave to amend. If plaintiff files an amended complaint, he shall not name CDCR as a defendant.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists

because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Lastly, plaintiff must address why his claims are not time-barred.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed.

2. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

3. Defendant shall not respond to the amended complaint until ordered by the court.

Dated:  March 14, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Ham347.14

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT JOHN HAMILTON,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF CORRECTIONS,<br><br>Defendant. | No. 2: 23-cv-00347 KJN P<br><br><br>NOTICE OF AMENDMENT |

  Plaintiff hereby submits the following document in compliance with the court's order filed_____.

DATED: _____    Amended Complaint


              _____
              Plaintiff