UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT JOHN HAMILTON, | No. 2: 23-cv-00347 DJC KJN P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| DEPARTMENT OF CORRECTIONS, | |
| Defendant. | |

Plaintiff is a former state prisoner, proceeding without counsel, with this civil rights action pursuant to 42 U.S.C. § 1983.  On February 22, 2023, the United States District Court for the Central District of California transferred this action to this court.  (ECF No. 6.)

Pending before the court is plaintiff's August 16, 2023 motion to file an amended complaint and proposed amended complaint.  (ECF No. 24.)  For the reasons stated herein, plaintiff's motion to amend is denied as unnecessary and the undersigned recommends that this action be dismissed.

July 26, 2023 Findings and Recommendations

By order filed June 6, 2023, the undersigned granted plaintiff forty-five days to either obtain counsel to represent him in this action or to file an amended complaint.  (ECF No. 21.) Forty-five days passed from that date and plaintiff did not file an amended complaint or otherwise respond to the June 6, 2023 order.  Accordingly, on July 26, 2023, the undersigned recommended

1

that this action be dismissed.  (ECF No. 22.)

On August 16, 2023, plaintiff filed the pending motion to amend and proposed amended complaint.  (ECF No. 24.)  Good cause appearing, the July 26, 2023 findings and recommendations are vacated.

Motion to Amend

As stated above, on August 16, 2023, plaintiff filed a motion to amend with the amended complaint.  (Id.)  Because the undersigned granted plaintiff leave to file an amended complaint, the motion to amend is denied as unnecessary.

Amended Complaint

In the amended complaint, plaintiff appears to name California Board of Parole Hearing ("BPH") Official Bock as a defendant.  (Id. at 2, 4.)  Plaintiff appears to claim that on June 3, 2003, defendant Bock found that plaintiff violated his parole based on kidnapping charges that were never filed against plaintiff.  (Id. at 3-4.)  Plaintiff alleges that he was then wrongly incarcerated for one year based on defendant Bock's decision finding that plaintiff violated his parole.  (Id.)  Plaintiff alleges that defendant Bock's decision to revoke plaintiff's parole based on false evidence violated plaintiff's constitutional rights.

At the outset, the undersigned finds that plaintiff's claims are properly brought in a civil rights action and are not barred by the favorable termination rule in Heck v. Humphrey, 512 U.S. 477 (1994).  Under Heck, if a judgment in favor of a plaintiff on civil rights action necessarily implies the invalidity of his or her conviction or sentence, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence already has been invalidated.  Heck, 512 U.S. at 486-87.

The favorable termination rule of Heck also applies to claims implicating the validity of parole revocation proceedings.  Maciel v. Taylor, 2013 WL 12474062, at *7 (C.D. Cal. Jan. 31, 2013 (citing Crow v. Penry, 102 F.3d 1086, 1087 (10th Cir. 1996) (applying Heck to claim alleging invalidity of a parole revocation); Jackson v. Vannoy, 49 F.3d 175, 177 (5th Cir. 1995) (holding that a § 1983 civil rights claim alleging that illegal arrest of plaintiff resulted in revocation of parole and probation was barred by Heck); see also Butterfield v. Bail, 120 F.3d

1023, 1024 (9th Cir. 1997) (applying Heck to claim regarding denial of parole); Jones v. Mata, 2011 WL 6148729, at *1 (N.D. Cal. Dec. 9, 2011) ("Heck also bars a challenge to the validity of the confinement resulting from a parole revocation hearing ... until the parole board's decision has been reversed, expunged, set aside or called into question.")).

In the transfer order, the Central District stated that plaintiff previously challenged the at-issue 2003 revocation of his parole in a habeas action filed in the Central District, i.e., Albert Hamilton v. Department of Corrections, C.D. Cal. Case No. 17-1387 ODW (SS).  (ECF No. 6 at 2 n.3.)  The Central District dismissed plaintiff's habeas petition for lack of subject matter jurisdiction because:  1) petitioner was not "in custody" pursuant to the 2003 revocation of parole when he filed his petition in 2017; and 2) petitioner's challenges to inmate classification decisions did not challenge the legality or duration of his custody.  (Id.)  In the alternative, the court dismissed the petition as grossly untimely.  (Id.)

Because habeas relief regarding plaintiff's 2003 parole revocation hearing is no longer available, plaintiff's claims raised in the amended complaint fall within the narrow exception to the favorable termination rule of Heck set forth in Nonnette v. Small, 316 F.3d 872 (9th Cir. 2002).  In Nonnette, a formerly incarcerated prisoner filed a § 1983 action for damages alleging due process violations associated with the revocation of good-time credits.  The district court dismissed the claims on the ground that, having not successfully challenged the revocation in a petition for habeas corpus, Nonnette was barred by Heck's favorable termination rule from bringing a § 1983 claim for damages.  The Ninth Circuit reversed and held that, because Nonnette lacked a remedy in habeas, he was entitled to proceed with his civil rights claims.  The Ninth Circuit noted the limited reach of its holding:  "We also emphasize that our holding affects only former prisoners challenging loss of good-time credits, revocation of parole or similar matters; the status of prisoners challenging their underlying convictions or sentences does not change upon release, because they continue to be able to petition for a writ of habeas corpus."  Nonnette, 316 F.3d at 878 n.7.

While plaintiff was incarcerated when he filed this action, it is clear that he lacks a remedy in habeas regarding the alleged violations occurring at his 2003 parole revocation hearing.

3

Accordingly, plaintiff's claims are not barred by Heck.

Parole board members are entitled to absolute immunity when they perform "quasi-judicial" functions. Swift v. California, 384 F.3d 1184, 1189 (9th Cir. 2004). "Thus, parole board officials of the BPT are entitled to absolute quasi-judicial immunity for decisions to 'grant, deny or revoke parole' because these tasks are 'functionally comparable' to tasks performed by judges." Id. (citations omitted). Defendant Bock is entitled to absolute quasi-judicial immunity based on plaintiff's claim that defendant Bock violated plaintiff's constitutional rights when he made the decision to revoke plaintiff's parole based on a false finding that plaintiff had been charged with kidnapping.[1]

In the amended complaint, plaintiff may also be naming the California Department of Corrections ("CDCR") and BPH as defendants as to his claim alleging violation of his constitutional rights at the 2003 parole revocation hearing. To the extent plaintiff names CDCR and BPH as defendants, the undersigned finds that the claims against these defendants are barred by the Eleventh Amendment.

Claims for damages pursuant to Section 1983 against the state, its agencies, or its officers for actions performed in their official capacities are barred under the Eleventh Amendment, unless the state waives its immunity. Kentucky v. Graham, 473 U.S. 159, 169 (1985) (Eleventh Amendment bars a damages action against a State in federal court); see also Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Indeed, the Eleventh Amendment prohibits federal courts from hearing a Section 1983 lawsuit in which damages or injunctive relief is sought against a state, its agencies (such as CDCR) or individual prisons, absent "a waiver by the state or a valid congressional override...." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999). Accordingly, plaintiff's claims against defendants CDCR and BPH, to the extent they are named as defendants, are barred by the Eleventh Amendment.

---

[1] In contrast, parole officers, when responsible for investigating potential parole violations and submitting recommendations regarding revocation, have only qualified immunity. Patterson v. Van Arsdel, 883 F.3d 826, 830 (9th Cir. 2018) (citing Swift v. California, 384 F.3d 1184, 1193 (9th Cir. 2004)). Plaintiff alleges that defendant Bock was the BPH official who found that plaintiff violated his parole. Plaintiff does not claim that defendant Bock was the parole officer who investigated his parole violation and submitted a recommendation regarding revocation.

<u>Recommendation for Dismissal</u>

The undersigned recommends that this action be dismissed because it is clear that plaintiff cannot cure the pleadings defects discussed above. <u>Akhtar v. Mesa</u>, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not cured by amendment.'") (quoting <u>Schucker v. Rockwood</u>, 846 F.2d 1202, 1203-04 (9th Cir. 1998) (per curiam)).

Accordingly, IT IS HEREBY ORDERED that:

1. The July 26, 2023 findings and recommendations (ECF No. 22) are vacated;
2. Plaintiff's motion to file an amended complaint (ECF No. 24) is denied as unnecessary; and

IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 22, 2023

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Ham347.56